JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

NOV 29 1988

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 784

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE SUZUKI SAMURAI PRODUCTS LIABILITY LITIGATION

TRANSFER ORDER

The litigation before the Panel presently consists of eleven actions pending in three districts as follows: seven actions in the Eastern District of Pennsylvania, three actions in the Central District of California, and one action in the District of New Jersey. Plaintiffs in the California and New Jersey actions originally moved the Panel under 28 U.S.C. §1407 to centralize all actions in the Central District of California for coordinated or consolidated pretrial proceedings. Subsequently, movants have stated that they also do not oppose designation of the Eastern District of Pennsylvania as transferee district. Plaintiffs in the Pennsylvania actions support centralization, but they favor selection of the Eastern District of Pennsylvania, rather than the California district, as transferee forum. All defendants oppose transfer. If the Panel nevertheless concludes that centralization is necessary in this docket, then defendants favor selection of the Eastern District of Pennsylvania as transferee forum.

On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under 28 U.S.C. §1407 in the Eastern District of Pennsylvania will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. While legal theories may vary among the actions, all actions are predicated on allegations that Suzuki Samurai automobiles suffer from a design defect that causes them to roll over under reasonably anticipated driving conditions. Transfer under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with regard to overlapping class certification requests), and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Eastern District of Pennsylvania is the appropriate transferee forum. We note that: 1) all responding parties either favor selection of the Pennsylvania forum or affirmatively state that they do not oppose its selection; and 2) the majority of the actions is already pending there.

-2-

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in districts other than the Eastern District of Pennsylvania be, and the same hereby are, transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable John F. Fullam for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

*Andrew A. Caffrey*
Andrew A. Caffrey
Chairman

SCHEDULE A

MDL-784 -- IN RE SUZUKI SAMURAI PRODUCTS LIABILITY LITIGATION

District of New Jersey

Ronald Afarian v. American Suzuki Motor Corp., et al., C.A. No. 88-2584

Eastern District of Pennsylvania

William Dixon v. Suzuki Motors Co., Ltd., et al., C.A. No. 88-4631
Harold Kay v. Suzuki Motors Co., Ltd., et al., C.A. No. 88-4677
Rose Storey v. Suzuki Motors Co., Ltd., et al., C.A. No. 88-4763
Todd Albert, et al. v. Suzuki Motors Co., Ltd., et al., C.A. No. 88-4841
John Sacco v. Suzuki Motors Co., Ltd., et al., C.A. No. 88-4921
Philip M. Colicchio v. Suzuki Motors Co., Ltd., et al., C.A. No. 88-4959
Daniel Redelheim v. Suzuki Motors Co., Ltd., et al., C.A. No. 88-5034

Central District of California

Merrick J. Shuster v. American Suzuki Motor Corp., etc., et al., C.A. No. SA-CV-88-410-JSL(RWRx)
Salwa Ganem v. American Suzuki Motor Corp., etc., et al., C.A. No. CV-88-04469
Randy E. Albert v. American Suzuki Motor Corp., et al., C.A. No. SA-CV-88-0409-AHS-(RWRx)